# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 07/28/2023 05:13:58 PM.
30-2023-01339515-CU-WT-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By A. Gill, Deputy Clerk.
Case 8:23-cv-01677 Document 1-4 Filed 09/08/23 Page 2 of 11 Page ID #:17

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SALLY BEAUTY HOLDINGS, INC., a Washington corporation and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JACOB PROCTOR, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Orange County Superior Court
700 Civic Center Drive West Santa Ana, CA 92701

**CASE NUMBER:**
*(Número del Caso):*
30-2023-01339515-CU-WT-CJC

Judge Erick L. Larsh

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Andrew T. Magaline, Lipeles Law Group, APC, 880 Apollo St., Ste. 336, El Segundo, CA 90245 310-322-2211

DATE: 07/28/2023     DAVID H. YAMASAKI, Clerk of the Court     Clerk, by  A. Gill  , Deputy
*(Fecha)*     *(Secretario)*     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: Sally Beauty Holdings, Inc., a Washington corporation
   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Kevin A. Lipeles (Bar No. 244275)
Thomas H. Schelly (Bar No. 217285)
Andrew T. Magaline (Bar No. 290413)
LIPELES LAW GROUP, APC
880 Apollo St., Suite 336
El Segundo, California 90245
Telephone: (310) 322-2211
Fax: (310) 322-2252

Attorney for Plaintiff,
Jacob Proctor

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF ORANGE

Assigned for All Purposes
Judge Erick L. Larsh

| | |
|---|---|
| JACOB PROCTOR, an individual, | **Case No.:** 30-2023-01339515-CU-WT-CJC |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | 1. **CRIMINAL HISTORY DISCRIMINATION;** |
| SALLY BEAUTY HOLDINGS, INC., a Washington corporation and DOES 1 through 100, inclusive, | 2. **FAILURE TO PREVENT DISCRIMINATION;** |
| | 3. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** |
| Defendants. | |
| | **AND DEMAND FOR JURY TRIAL** |

Plaintiff Jacob Proctor hereby brings this Complaint and alleges as follows:

I. **PARTIES**

1. Plaintiff Jacob Proctor is and, at all times relevant to the matters alleged herein, has been over the age of 18 and a resident of Orange County.

2. Plaintiff is informed and believes and thereon alleges that Defendant Sally Beauty Holdings, Inc. is a corporation organized pursuant to the laws of the State of Delaware, is authorized to do business and is doing business in the State of California.

3. Defendants Sally Beauty Holdings, Inc. and Does 1 through 100 are sometimes collectively referred to as "Defendants" and/or "Employers."

---
COMPLAINT

1

4. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 100, inclusive, and therefore Plaintiff sues these defendants by such fictitious names and capacities. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained. Plaintiff is informed and believes and thereon alleges that at all times relevant, each of these fictitiously named DOE Defendants was an individual person who owned, controlled, or managed the business for which Plaintiff worked and/or who directly or indirectly exercised operational control over the hiring and retention decisions relating to Plaintiff. These DOE Defendants held ownership, officer, director and/or executive positions with the remaining Defendants, and acted on behalf of the remaining Defendants, which included decision-making responsibility for, and establishment of, illegal criminal history discrimination practices and policies for Defendants which have damaged Plaintiff and others similarly situated. Therefore, Employers are "employers" as a matter of law and personally liable on the causes of action alleged herein.

5. Plaintiff is informed and believes and thereon alleges that at least some of the Defendant DOES 1 through 100 are, and at all times relevant hereto were, persons, corporations or other business entities organized and existing under and by virtue of the laws of the State of California, and are/were qualified to transact and conduct business in the State of California, and did transact and conduct business in the State of California, and are thus subject to the jurisdiction of the State of California. Specifically, said DOES 1 through 100 maintain offices, operate businesses, employ persons, and conduct business in, and discriminate against employees by criminal history discrimination practices and policies in the County of Orange.

6. Plaintiff is informed and believes and thereon alleges, that at all times relevant herein, Defendants and some of DOES 1 through 100 were the agents, employees, and/or servants, masters, or employers of the remaining DOES 1 through 100, and in doing the things herein alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

//
//

2

COMPLAINT

7. Plaintiff is informed and believes and thereon alleges that at all times relevant, Employers established the terms and conditions of Plaintiff's employment to such a degree that Plaintiff was their employee.

8. Plaintiff is further informed and believes, and thereon alleges, that each of the fictitiously named Defendants aided and assisted the named Defendants in committing the wrongful acts alleged herein, and that Plaintiff's damages were proximately caused by each.

## II. FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. On June 19, 2022, and ending July 11, 2022, Employers hired Plaintiff as a Store Manager for Employers' business located at 22741 Lambert Street, Lake Forest, California 92630 at an hourly rate of $26.00.

10. Plaintiff was supposed to run the store and supervise a team of 3 employees.

11. Plaintiff was offered the position and accepted it, was informed that his background check had been cleared and was told when and where to start working, after July 4, 2022.

12. On or about July 11, Plaintiff was terminated because Employers found his name listed on a sex offender registry.

13. Use and access to the sex offender registry for employment purposes is a violation of California Penal Code section 290.46.

14. Employers failed to follow the law regarding the use of criminal history screening relating to employment decisions. Pursuant to Cal. Govt. Code § 12952(c)(2), Employers were required to do the following:

    a. make an individualized assessment of whether the applicant's conviction history has a direct and adverse relationship with the specific duties of the job that justify denying the applicant the position. In making the assessment described in this paragraph, the employer shall consider all of the following:

        i. The nature and gravity of the offense or conduct;

        ii. the time that has passed since the offense or conduct and completion of the sentence;

        iii.    The nature of the job held or sought.

    b.    If the employer makes a preliminary decision that the applicant's conviction history disqualifies the applicant from employment, the employer shall notify the applicant of this preliminary decision in writing. The notification shall contain all of the following:

        i.    Notice of the disqualifying conviction or convictions that are the basis for the preliminary decision to rescind the offer;

        ii.    A copy of the conviction history report, if any;

        iii.    An explanation of the applicant's right to respond to the notice of the employer's preliminary decision before that decision becomes final and the deadline by which to respond. The explanation shall inform the applicant that the response may include submission of evidence challenging the accuracy of the conviction history report that is the basis for rescinding the offer, evidence of rehabilitation or mitigating circumstances, or both.

    c.    The applicant shall have at least five business days to respond to the notice provided to the applicant under paragraph (2) before the employer may make a final decision. If, within the five business days, the applicant notifies the employer in writing that the applicant disputes the accuracy of the conviction history report that was the basis for the preliminary decision to rescind the offer and that the applicant is taking specific steps to obtain evidence supporting that assertion, then the applicant shall have five additional business days to respond to the notice.

    d.    The employer shall consider information submitted by the applicant before making a final decision.

    e.    If an employer makes a final decision to deny an application solely or in part because of the applicant's conviction history, the employer shall notify the applicant in writing of all the following:

        i.    The final denial or disqualification.

    ii. Any existing procedure the employer has for the applicant to challenge the decision or request reconsideration.

    iii. The right to file a complaint with the department.

15. Employers failed to perform all of the required acts under Section 12952(c)(2).

16. In addition, once Employers decided to terminate Plaintiff's employment based on his prior criminal conviction, Employers were under the duty to provide written notice to Plaintiff. This written notice is required to contain (1) the final denial or disqualification; (2) any existing procedure it had for Plaintiff to challenge the decision or require reconsideration; and (3) the right to file a complaint with the California Civil Rights Department. Again, Employers failed to comply with this requirement.

17. Employers' wrongful termination of Complainant was wrongfully motivated by discrimination against him due to his being a registered sex offender.

18. On July 28, 2023, Plaintiff filed a California Fair Employment and Housing Act ("FEHA") claim. That same day, he obtained a Right to Sue letter regarding this matter from the Department of Fair Employment and Housing ("DFEH").

## FIRST CAUSE OF ACTION

**(Criminal History Discrimination – Gov. Code § 12952, *et seq.* Against Employers)**

19. Plaintiff repeats and realleges each of the allegations set forth in this complaint.

20. The Fair Employment and Housing Act ("FEHA"), Gov. Code § 12952, establishes the processes by which an employer can consider an employee or applicant's criminal history in relation to employment.

21. Employers failed to follow the process set forth in Gov Code § 12952.

22. Employers' actions towards Plaintiff constitute disparate treatment based on unlawful criminal history-related reasons. Such discrimination was a substantial motivating factor in causing Plaintiff's damages.

23. Within the statutorily required date from the most recent act of discrimination, Plaintiff filed a charge of discrimination with the DFEH and received a right to sue notice.

24. As a direct and proximate result of the Employers' conduct, individually and collectively, Plaintiff has suffered and continues to suffer substantial losses in income, earnings, and benefits and has been damaged in his capacity to earn a salary and has lost and will continue to lose employment benefits.

25. Employers' criminal history discrimination acts against Plaintiff as set forth herein are and were unlawful, discriminatory and retaliatory in violation of Cal. Gov. Code §12952 et seq., and resulted in damages and injury to Plaintiff, as alleged herein, including but not limited to lost wages and benefits according to proof at the time of trial, but in an amount not less than $99,840.00.

26. As a direct and proximate result of Employers' and each of their actions, Plaintiff has suffered severe and serious injury to his person, all to his damage in a sum within the jurisdiction of this Court and to be shown according to proof, but in an amount not less than $200,000.00.

27. Employers' conduct in discriminating against Plaintiff because of his criminal history subjected him to cruel and unjust hardship in conscious disregard of his rights, as it was anticipated by Employers that Plaintiff would be unable to find comparable employment in the foreseeable future.

28. Plaintiff is informed and believes, and thereon alleges, that his termination by Employers was done with the intent to cause him injury.

29. All actions of Employers were known, ratified and approved by the officers or managing agents of Employers. As a consequence of the aforesaid oppressive, malicious and despicable conduct, Plaintiff is entitled to an award of punitive or exemplary damages against the Employers in an amount to be determined at the time of trial.

## SECOND CAUSE OF ACTION

**(Failure to Prevent Discrimination Against Employers)**

30. Plaintiff repeats and realleges each of the allegations set forth in this complaint.

//

//

6

COMPLAINT

31. Cal. Gov't Code § 12940(k) provides that it shall be an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination from occurring.

32. Employers violated their duty under the FEHA by failing to take all reasonable measures to prevent discrimination against Plaintiff.

33. As a direct, proximate, and legal result of Employers' failure to take preventative steps, Plaintiff suffered harm, including emotional distress in an amount not less than $200,000.00 and lost income, and Employers' conduct was a substantial factor in causing Plaintiff's harm.

34. Pursuant to Cal. Gov't Code § 12965, Plaintiff is entitled to recover against Employers for the emotional distress and lost income directly caused by Employers' conduct, for attorney's fees and costs.

35. All actions of Employers were known, ratified and approved by the officers or managing agents of Employers. Therefore, Plaintiff is entitled to punitive or exemplary damages against the Employers in an amount to be determined at the time of trial.

## THIRD CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy Against Employers)

36. Plaintiff repeats and realleges each of the allegations set forth in this complaint.

37. Plaintiff was Employers' employee as that term is defined and used pursuant to Cal. Lab. Code § 2750, *et seq.*, and Cal. Gov't. Code §12940, *et seq.*, and common law.

38. Employers illegally terminated Plaintiff from his employment because of his being a registered sex offender in violation of the public policy expressed in California law, including but not limited to *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167.

39. As a proximate result of this wrongful termination in violation of public policy, Plaintiff was caused to suffer, and continues to suffer, from humiliation, anxiety, severe emotional distress, worry, and fear all to Plaintiff's general damage according to proof at the time of trial, but in an amount not less than $200,000.00.

40. As a proximate result of this wrongful termination in violation of public policy, Plaintiff was caused to suffer special damages of lost wages according to proof at the time of trial, but in an amount not less than $99,840.00.

41. Employers did the things hereinabove alleged, intentionally, oppressively, and maliciously with an evil and malevolent motive to injure Plaintiff. These acts, which resulted in Plaintiff's wrongful termination against public policy, were obnoxious, despicable, and ought not to be suffered by any member of the community.

42. All actions of Employers were known, ratified and approved by the officers or managing agents of Employers. Therefore, Plaintiff is entitled to punitive or exemplary damages against the Employers in an amount to be determined at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in his favor and against Defendant as follows:

1. For an award of consequential damages in Plaintiff's favor and against Defendants, in an amount to be proven at trial, but in an amount not less than $105,600.00;

2. For an award of general damages according to proof at the time of trial, but in an amount not less than $200,000.00;

3. For retaliatory conduct damages pursuant to Cal. Gov't Code § 12945.2(i), according to proof, but in an amount not less than $99,840.00 plus legal fees and costs.

4. For a preliminary and permanent injunction ordering Defendants to disclose Plaintiff's employment records;

5. For reasonable costs, including attorneys' fees, in an amount according to proof pursuant to Cal. Gov't Code § 12965(b);

6. For punitive and exemplary damages in a sum to be determined at trial; and

7. For such other and further relief as the Court deems just and proper.

//
//
//

## **DEMAND FOR JURY TRIAL**

Plaintiff Jacob Proctor demands trial by jury in this action of all issues so triable.

Date: July 28, 2023

LIPELES LAW GROUP, APC

By: _____
Andrew T. Magaline
Attorneys for Plaintiff,
Jacob Proctor